■ ANGEL PEREZ et al., Respondents, v METROPOLITAN MUSEUM OF ART, Appellant. [758 NYS2d 325] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered December 10, 2002, which, in an action by a cafeteria worker for personal injuries sustained in a slip and fall on defendant museum's premises, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The agreement under which plaintiff's employer operates the cafeteria where plaintiff fell for defendant museum expressly provides that it creates no landlord-tenant relationship, gives defendant a high degree of control over the cafeteria's operation, and otherwise shows that defendant did not cede exclusive occupancy and control of the cafeteria space to plaintiff's employer. Therefore, defendant remains subject to the property owner's common-law duty to maintain its premises in reasonably safe condition (*Basso v Miller*, 40 NY2d 233, 241 [1976]; *cf. Zito v 241 Church St. Corp.*, 223 AD2d 353, 355 [1996]). The opinion of plaintiff's expert architect that the puddle of water on which plaintiff slipped was caused by a leak in the pressurized water supply lines serving the beverage machines was properly based on his observation of rust and water damage under the beverage counter. Whether defendant created the condition or, in the exercise of reasonable care, should have discovered and corrected it are questions of fact to be resolved at trial. Defendant's other arguments are unavailing. Concur—Tom, J.P., Saxe, Ellerin, Williams and Marlow, JJ.